[Civ. No. 3548. Third Appellate District.—July 19, 1928.]

ROSE KRAMER, Respondent, v. SADIE REYNOLDS et al., Defendants; E. C. REDMAN, Appellant.

Frank H. Snyder for Appellant.

Adolph B. Rosenfield for Respondent.

Ralph H. Clock and George A. Hart, *Amici Curiae.*

WEYAND, J., *pro tem.*—The trial of this cause was had by a department of the superior court of Los Angeles County, sitting at Long Beach, a city within Los Angeles County. The appellant E. C. Redman objected to a trial by the said court, sitting at Long Beach, contending that section 142 of the Code of Civil Procedure, as that section was amended in the year 1925 [Stats. 1925, p. 218, sec. 2], is unconstitutional and void in so far as it attempts to give legal authority to hold a session of the superior court of Los Angeles County in the city of Long Beach. This objection should be considered before proceeding to a consideration of the merits of the case.

Section 142 of the Code of Civil Procedure, was amended in the year 1923 [Stats. 1923, p. 78, sec. 2], and as it was thus amended it provided that in counties of the first class (the class to which Los Angeles County belongs), a session of the superior court could be held in a city such as Long Beach. This section of the code, as it then stood, was considered in the case of *In re Brady,* 65 Cal. App. 345 [224 Pac. 252], and was held to be unconstitutional, in so far as it attempted to authorize a session of the superior court in the city of Long Beach. In this decision it was pointed out that if the section had been so worded, as to apply to all the counties of the state of California, it would not be subject to attack on that ground.

The amendment of 1925 changed the said section in that very particular, making it general, and applying its provisions to all the counties of the state of California. The Brady case, above cited, cannot now be considered as interpreting the present law.

The city of Long Beach, as ascertained by the last United States census, had a population of over fifty thousand therein, and its city hall was more than fifteen miles from the Los Angeles County courthouse. These conditions, in any county of the state, warrant the superior court

of such county in holding a session of said court in any city in such county, where these conditions are present.

In *Anastation* v. *Superior Court of Sacramento County et al.,* 194 Cal. 93 [227 Pac. 762], the whole matter of classification was considered in a lengthy opinion by the late Justice Lennon. It is there said: "Every presumption is in favor of the validity of the legislative act, and the legislative classification will not therefore be disturbed unless it is palpably arbitrary in its nature and neither founded upon nor supported by reason."

The present section is founded upon reason, as it attempts to provide for a session of the superior court within a populous city which is situated a distance from the county courthouse. We can see nothing in the section, as it is now worded, that makes it void.

Passing then to the merits of the case, we find it to be an action for the foreclosure of a chattel mortgage upon some apartment house furniture and furnishings situated in Long Beach, Los Angeles County.

In the early part of September, 1923, the plaintiff Rose Kramer owned this property. She gave a bill of sale of this property to the defendant Sadie Reynolds and received from said Sadie Reynolds a chattel mortgage thereon for the sum of $2,500. This is the chattel mortgage attempted to be foreclosed herein. The evidence clearly discloses that prior to the actual passing of the instruments, negotiations had been pending between the two parties last above named. The bill of sale and the mortgage were each made out by the proper party and placed in escrow with a banking institution in said city. The bill of sale was undated, as to the day of the month of September, 1923. An exchange of the instruments was effected with the bill of sale thus undated. The mortgage given by defendant Reynolds was dated September 11, 1923.

The original complaint herein was filed November 29, 1924. Appellant E. C. Redman was not named as a party defendant therein. By an amended complaint filed March 25, 1925, it was alleged that the appellant Redman claimed an interest in the said furniture, but that the said Redman acquired such interest well knowing that the said property was subject to the lien of the mortgage above referred to.

The defendant Sadie Reynolds was served with summons and complaint on December 1, 1924, and she failed to appear in the action. It might here be noted that she did not appear as a witness in the trial of the cause.

An answer in behalf of the defendant Redman was filed April 24, 1925. There it was alleged that Redman acquired the title to said personal property by bill of sale from the defendant Sadie Reynolds on January 15, 1925, for a valuable consideration, and "as being clear of and unincumbered by said chattel mortgage." He further claims by said answer that on the date of his alleged purchase he relied upon a bill of sale dated after the execution of the mortgage and executed by Rose Kramer to Sadie Reynolds. Judgment was for plaintiff, and defendant Redman appeals from such judgment and the order denying his motion for a new trial.

In the brief of appellant Redman it is well said "the vital issue of fact upon the trial concerned the *bona fides* of appellant, in his purchase."

Redman was an attorney at law and at times immediately preceding the alleged purchase of the property from Sadie Reynolds represented said Sadie Reynolds. In the month of December, 1924, it is admitted, he received letters from the attorneys of Rose Kramer, relating to a proposed settlement of the matters involved in the foreclosure suit then pending. In some unexplained manner this bill of sale had thereon, when produced in court at the trial, the date of execution as being September 15, 1923. This bill of sale also had indorsed thereon a statement as follows: "I paid Rose Kramer on September 15th, 1923, $2500.00 cash for the articles herein inventoried, at which time I was given and received this bill of sale. (Signed) Sadie Reynolds."

As before stated, defendant Sadie Reynolds did not appear as a witness, and no testimony from her was before the trial court.

As to the *bona fides* of appellant in his alleged purchase of the furniture the court found that on January 15, 1925, when defendant Sadie Reynolds transferred the property to defendant E. C. Redman, said Redman had full knowledge of the note and mortgage sued on and that the same was a valid and subsisting lien on the said property.

This finding of the trial court had the effect of branding the entire transactions whereby Redman became the apparent owner of this property free from the lien of the chattel mortgage, as a fraudulent transaction. This fraud, if such it was, in the nature of things, could have been committed only by Sadie Reynolds, or by defendant Redman, or by both defendants conniving together.

We believe there is ample evidence in the record to sustain the trial court. Where there is such evidence, an appellate court is not at liberty to interfere.

Many cases are cited by appellant as to purchases of property from one holding a release of a prior encumbrance, and the kindred subjects, but all such law and citations are to no purpose, when underlying the whole matter is the finding of the trial court that good faith was wanting.

We do not feel it necessary to quote from decisions in support of the conclusions above reached, as to the merits of this matter.

The judgment herein is affirmed.

Finch, P. J., and Hart, J., concurred.